UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 MAY 19 PM 3: 09

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| WILLIS BOYD ANNIS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FEDERAL PROSECUTORS STATE ) | Case No. 2:22-cv-55 |
| OF VERMONT, TRISTRAM COFFIN, ) | |
| GREGORY WAPLES and WILLIAM ) | |
| DARROW, ) | |
| ) | |
| v. ) | |
| ) | |
| WIGGINS AIR FREIGHT, STEVEN ) | Case No. 2:22-cv-56 |
| MAYNARD, PATRICK NUT BROWN, ) | |
| ED DAVIS, JR., ED DAVIS, SR., WIGGINS ) | |
| AIR and MRS. STEVEN MAYNARD, ) | |
| ) | |
| v. ) | |
| ) | |
| MIKE RULE, ANDREW RULE, LESSLIE ) | Case No. 2:22-cv-57 |
| RULE, SCOTTY BRUCE SHERELS, ) | |
| MACHELLE ANNIS SHERELS, JEREMY ) | |
| DANIEL ANNIS, VINCE SHERELS, KELLI ) | |
| HALL, TYRA SHERELS, WINSTON ) | |
| SHERELS, JANE DOE, MACHELLE HOLT ) | |
| AMIOT, RICHARD BUNDY, OLIVIA ) | |
| SHERELS, ANTHONY MASENDRA ) | |
| and RULE ENTERPRISE, LLC, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ORDER
GRANTING PLAINTIFF'S APPLICATIONS FOR LEAVE TO
PROCEED *IN FORMA PAUPERIS*, DENYING AS MOOT MOTIONS
FOR SERVICE OF PROCESS, AND DISMISSING COMPLAINTS**

Plaintiff Willis Boyd Annis, III, a Nevada resident representing himself, seeks to bring claims against multiple Defendants in three separate actions. He has filed three applications for leave to proceed *in forma pauperis* ("IFP") together with proposed

Complaints. Because his financial affidavits satisfy the requirements of 28 U.S.C. § 1915(a), Plaintiff is GRANTED IFP status. However, for the reasons set forth below, Plaintiff's Complaints are dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and Fed. R. Civ. P. 12(b)(6).

## I. Allegations of Plaintiff's Proposed Complaints.

In his first proposed action, Plaintiff alleges that he "won a Summary Judg[]ment over federal Prosecutors in the State of Vermont" in *Annis v. State of Vermont Prosecutors, et al.*, Case No. 5:13-cv-47 (D. Vt. July 23, 2014). *Annis v. Fed. Prosecutors State of Vt., et al.*, Case No. 2:22-cv-55, Doc. 1-2 at 5 (D. Vt. Feb. 14, 2022). He states he was awarded an injunction "to turn off all links to stop the sensory harassment" but the injunction is not being enforced. *Id.* As a result, "[t]he sensory chip is still in [his] neck." *Id.* Further, Plaintiff's "family is being killed because someone wants this sensory chip back." *Id.* at 5-6. He states four of his family members have been killed in an extortion scheme to retrieve the sensory chip as a result of the "Federal Prosecutors['] [n]eglect to prevent and neglect to enforce [the] original Summary Judg[]ment." *Id.* at 6. As relief, Plaintiff seeks one hundred million dollars in damages as well as enforcement of the remedies allegedly obtained in his 2013 case in this court. He also requests "Federal oversight in five 9th Circuit District Court cases District of Nevada" because he is "experiencing case tamp[e]ring, and corrupt State Sheriffs and State Prosecutors[.]" *Id.* at 8.

In his second proposed action, Plaintiff alleges he is entitled to injunctive relief from sensory harassment, theft of intellectual properties, and relief from trafficking. He states he rented a Barre, Vermont apartment from defendants Mr. and Mrs. Steven Maynard from 2015 through 2020. He alleges that in 2016 Defendants Patrick Nut Brown and Edward Davis each moved into other apartments in the same building. At that time, Plaintiff "started being harassed by remote behavioral influenced technologies[.]" *Annis v. Wiggins Air Freight, et al.*, Case No. 2:22-cv-56, Doc. 1-2 at 6-7 (D. Vt. Feb. 14, 2022). He alleges "the targeted victim hears voice communications intercranially inside [the] head, also external auditory perception is ap[p]arent by sound wave propagation."

2

*Id.* at 7. Plaintiff further alleges that Mr. Maynard is an airline pilot employed by Defendant Wiggins Air Freight and "[p]ilots employed by Wiggins Air Freight use the same sound propagation and communications in their airplanes and that is where Mr. Maynard got the hardware, sound boards, la[s]ers, [and] multiplexing equip[ment][.]" *Id.* As relief in his second suit, Plaintiff seeks "the immediate removal of ear implants used in the illegal collection, storage, and research of [his] thoughts, and genome data in the form of noise[,]" the" im[m]ediate removal of equipment from the apartment building[,]" and "[r]emoval of voice receivers in the inner ear canal of all residen[t]s living" in the Barre apartments. *Id.* at 8-9. Plaintiff again references the "Summary Judg[]ment" he allegedly obtained in the 2013 federal court case and asserts it is "evidence" in this case. *Id.* at 9.

In his third proposed action, Plaintiff seeks to bring private claims under the Racketeer Influenced and Corrupt Organization ("RICO") Act, codified at 18 U.S.C. §§ 1962–68, against Defendants Rule Enterprises, LLC and certain of its employees. *Annis v. Rule, et al.*, Case No. 2:22-cv-57, Doc. 1-2 at 9-11 (D. Vt. Feb. 14, 2022). He alleges that the defendants in that case were also defendants in the 2013 case in which he allegedly obtained the "Summary Judgement[.]" *Id.* at 12. He contends that the 2014 Second Circuit decision "established that Rule Enterprise[s] and it[s] e[m]ployees did violate [his] civil rights and in so doing also commit[t]ed felonies." *Id.* at 13. He further asserts:

> The C.I.A. colluded with Rule Enterprise[s], Anne Rule and Mike Rule to provide sensory chips (16 chips) to Rule Enterprise[s] to place in . . . serial killers[.] [A]s they are caught[,] the sensory chips are placed in the back of the neck and the p[e]rson[']s thoughts are he[a]rd thr[ough] many computer processes. . . . I[']ve won a[n] injunction in the Second Circuit Supreme Court of Appeals that validates all I[']ve stated in this Complaint . . . . It was also established Plaintiff Annis has a sensory chip in his back lower neck and Plaintiff . . . is not a serial killer[.]

*Id.* at 16. He claims Defendant Rule Enterprises and Mike Rule "are researchers and [p]rofilers listening to and [p]rofiting from the sensory chip they had put into [Plaintiff's] neck without [his] consent or knowledge[.]" *Id.* at 18. Plaintiff alleges the chip was

3

placed by his live-in girlfriend Traci Lynn Oday, an employee of Defendant Rule Enterprises and friend of Defendant Mike Rule, who "was paid a large sum to inject th[e] sensory chip into [Plaintiff's] neck[.]" *Id.* at 20. As relief, Plaintiff seeks twenty million dollars in damages as well as "all equipment[,] computers and research be taken from all Defendants[.]" *Id.* at 21.

## II.    Procedural Background.

Plaintiff has previously raised similar claims in this court which have been dismissed. In March 2013, he applied to proceed IFP seeking to file an action alleging state officials and other individuals had been reading his mind and had committed identity theft and theft of his intellectual property. He claimed unnamed state and federal prosecutors failed to prosecute these alleged crimes.

In April 2013, the court granted Plaintiff IFP status but dismissed the Complaint because Plaintiff's "allegations lack[ed] an arguable factual basis" and because a private citizen has no right to the criminal prosecution of another individual. *Annis*, Case No. 5:13-cv-47, Doc. 2 at 3 (D. Vt. Apr. 15, 2013). The court granted Plaintiff leave to file an Amended Complaint, which he did in May 2013. In June 2013, however, the court dismissed the action for the same reasons. *Id.*, Doc. 5 at 3 (D. Vt. June 26, 2013). The court denied further leave to amend because Plaintiff was previously granted leave to amend and, despite submitting additional materials and factual claims, he asserted the same core facts and requests for relief, which rendered further pleading futile. Judgment was entered on June 27, 2013, and the case was dismissed.

In August 2013, Plaintiff filed a notice of appeal and the court granted his motion for leave to appeal IFP. In July 2014, the United States Court of Appeals for the Second Circuit issued a mandate affirming this court's dismissal upon de novo review. The appeals court determined "that Annis's complaint about defendants' failure to prosecute persons tracking his thoughts through a mind reading device 'lacks an arguable basis either in law or fact.'" *Annis v. State of Vt. Prosecutors*, 568 F. App'x 9, 9 (2d Cir. 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). It further determined that Plaintiff's allegations could not support a plausible claim for relief in light of established

4

precedent and, because a valid claim could not be alleged, denial of leave to amend was appropriate.

## III. Conclusions of Law and Analysis.

### A. Standard of Review.

Under 28 U.S.C. § 1915, "the court shall dismiss [a] case [filed IFP] at any time if the court determines that . . . the action . . . is frivolous or malicious; [] fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); *see also Harris v. Miller*, 818 F.3d 49, 56-57 (2d Cir. 2016) (per curiam) (noting district courts must afford "special solicitude" to a self-represented litigant including reading the complaint liberally and construing it to raise the strongest arguments it suggests).

All complaints, however, must contain "sufficient factual matter[] . . . to state a claim" for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* While "special solicitude" is required, self-represented litigants nevertheless must satisfy the plausibility standard set forth in *Iqbal*. *See Harris*, 818 F.3d at 56; *Harris v. Mills*, 572 F.3d 66, 68, 72 (2d Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A court also has inherent authority to dismiss a case that presents no meritorious issue. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir.

5

2000) (holding that a district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee); *Pillay v. Immigration & Naturalization Serv.*, 45 F.3d 14, 17 (2d Cir. 1995) (holding that the court has "inherent authority" to dismiss a petition that presents "no arguably meritorious issue"). The Supreme Court has held that a complaint "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (complaint is factually frivolous where "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional") (internal citation and quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

### B.     28 U.S.C. § 1915(e)(2)(B) Review.

In these cases, Plaintiff claims that a sensory chip has been embedded in his neck and a listening device has been implanted in his ear for the purpose of listening to his thoughts. The Second Circuit Court of Appeals did not credit these allegations and in fact affirmed this court's determination that Plaintiff's allegations lacked an arguable basis in law or fact. *See Annis*, 568 F. App'x at 9.

Plaintiff's present allegations in all three pending cases also lack an arguable factual basis under *Denton. See Denton*, 504 U.S. at 33 (approving dismissal of complaint based on irrational or wholly incredible allegations); *see also Weatherford v. Economic Servs. Univ. of Vt.*, 2019 WL 3239529, at *2 (D. Vt. July 18, 2019) (dismissing complaint containing allegations that plaintiff "has been 'experimented on,' that she is the subject of surveillance by dogs, and that everything from the timing of the 'projects' being instated to her homelessness and familial estrangement is part of a pattern of harassment" because they were irrational or wholly incredible). Plaintiff has also failed to allege the essential elements of a legal claim. Because he has "fail[ed] to state a claim upon which relief can be granted[,]" Plaintiff's Complaints must be dismissed. *See* Fed. R. Civ. P. 12(b)(6); § 1915(e)(2)(B)(i)-(ii).

### C.    Leave to Amend.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint 'without granting leave to amend at least once,' unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading." *Biswas v. Rouen*, 808 F. App'x 53, 55 (2d Cir. 2020) (internal quotation marks and alterations omitted).

Plaintiff was granted leave to amend in his prior case in this court. On appeal, the Second Circuit determined that Plaintiff's factual allegations could not support a plausible claim for relief in light of established precedent and there was no reason to think that a valid claim might be stated. Accordingly, this court's denial of further leave to amend was affirmed as appropriate. Because Plaintiff makes the same basic factual allegations in the pending cases, and those allegations cannot support a plausible claim for relief, Plaintiff is denied leave to amend because it would be futile.

### CONCLUSION

For the reasons discussed above, and having conducted the review required under 28 U.S.C. § 1915(a)(1), Plaintiff's requests to proceed *in forma pauperis* are GRANTED; however, his Complaints are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6). Plaintiff's subsequently filed documents objecting to assignment of his case to the Magistrate Judge, which they are not, and requesting service of process on Defendants are DENIED AS MOOT. The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith. SO ORDERED.

Dated at Burlington, in the District of Vermont, this 19th day of May, 2022.

Christina Reiss, District Judge
United States District Court